UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FRANCIS DURDEN, SR., | No. 2:16-cv-0031 TLN GGH PS |
| Plaintiff, | |
| v. | ORDER |
| DIEANN FEINSTEIN, | |
| Defendant. | |

   Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

   The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1    indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2    490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3    pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4    Cir. 1989); Franklin, 745 F.2d at 1227.
5         A complaint must contain more than a "formulaic recitation of the elements of a cause of
6    action;" it must contain factual allegations sufficient to "raise a right to relief above the
7    speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
8    "The pleading must contain something more...than...a statement of facts that merely creates a
9    suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
10   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
11   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
12   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
13   S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
14   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
15   Id.
16        Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92
17   S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
18   Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
19   proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
20   See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
21        The complaint is vague, rambling and incoherent. It alleges "unjust enrichment and stolen
22   published work of cleaning up Tahoe Basin 1995" and seems to involve a murder, a wildfire, and
23   misappropriation of a published proposal, among other torts. For example, the introduction to the
24   complaint states: "42 USCA 1983 and 18 USCA 241 UCC9-317(a) (d) made (p) dance to (d)
25   unjust enrichment without notice, what (d) would do with what (d) had in (d) possession (p)
26   proposal and contract (d) used without permission from (p) see (People v. Arthur Murray, Inc., 47
27   Cal. Rptr. 700, 708 (Ct. App. 1965); (d) made (p) loose wages and (p) had to go looking for those
28   ////

1  responsible for (p) roommates murder homicide…. " Ultimately, the complaint is
2  incomprehensible.

3      The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
4  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
5  court has determined that the complaint does not contain a short and plain statement as required
6  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
7  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
8  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
9  least some degree of particularity overt acts which defendants engaged in that support plaintiff's
10 claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2),
11 the complaint must be dismissed.  The court will, however, grant leave to file an amended
12 complaint.  Failure to file an amended complaint will result in this action being dismissed.

13     If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
14 grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must
15 demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal
16 rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

17     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
18 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading.  This is because, as a
20 general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana,
21 Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa
22 County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,
23 the original pleading no longer serves an operative function in the case.  Therefore, in an
24 amended complaint, as in an original complaint, each claim and the involvement of each
25 defendant must be sufficiently alleged.

26     In accordance with the above, IT IS HEREBY ORDERED that:
27     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
28     2.  Plaintiff's complaint is dismissed.

3. Plaintiff is granted twenty-eight (28) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 8, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Durden0031.14